WELDAY v. JONES' EXECUTOR, *Appellant.*

1. **Settlement Vacated for Mistake or Fraud.** A debtor signed a memorandum that a certain amount was due by him upon notes, not at hand, based upon a calculation which the creditor represented had been prepared for him from the notes, the creditor also stating that if there were any mistakes he would correct them. A final settlement subsequently made included and continued an error in this memorandum, and by reason thereof the debtor paid a sum largely in excess of what was due. *Held*, that such settlement was properly vacated and judgment rendered for the excess in favor of the debtor.

2. **Amendment after close of Evidence.** In an action to set aside a settlement *inter partes* and to recover a balance erroneously paid, the defendant relied in his answer on a settlement made prior to the one assailed. On the trial it appeared that the error complained of originated in this former settlement. After the evidence was

closed the plaintiff asked and obtained leave to amend his petition by setting up the former settlement and charging fraud and mistake in its procurement. *Held*, that the leave was properly granted.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*Crews & Booth* for appellant.

*A. H. Bolte* for respondents.

MARTIN, C.—This was a suit in equity to vacate a settlement between two parties, on the ground of fraud and mistake, and to recover $1,391.24 which the plaintiffs claim was overpaid to defendant's testator on faith of the settlement. It is alleged in substance that the plaintiffs were indebted to Charles Jones, in his lifetime, on three promissory notes for land purchased from him, and on two other notes for value received, and on one account stated; that they had a meeting with Mr. Jones in March, 1874, for the purpose of effecting a final settlement of this indebtedness; that Mr. Jones did not have present with him the notes and papers necessary to make the settlement; that in lieu thereof, he submitted a calculation of the amount due, which he represented to have been carefully prepared by a banker, which indicated that the sum of $9,500 was due him on account of said 'indebtedness; that plaintiffs, not being expert in figures, relied on the computation, believing it to be correct, and paid the sum aforesaid to Mr. Jones; that afterward it was discovered that his calculation was erroneous by an excess of $1,391.24 over the true amount; that Mr. Jones, although notified of the fact, refused to correct the error or return the money.

Mr. Jones, in his lifetime, made answer, and since his death his executor continues the defense which was pleaded by him in person. In this answer the material allegations

of the petition are put in issue. It is also alleged by way of special matter that on the 17th day of February, 1873, the plaintiffs, being indebted to Mr. Jones on the matters mentioned in the petition and certain other matters, had an accounting with him in respect to all such matters except the note for $1,550; and that all said matters were adjusted except said note, and that as a result of said adjustment, it was found and agreed between them that the plaintiffs were indebted to him on all said matters in the sum of $7,000, which adjustment and agreement was reduced to a written memorandum to that effect and signed by plaintiffs; that afterward, in 1874, the parties had an accounting at which it was found that plaintiffs were indebted to him in said sum of $7,000 and in a further sum of $1,550, which amounts, with interest, exceeded $9,500; that he offered to take $9,500 in full payment, which offer was accepted and the amount paid over.

There is no conflict in the evidence about the true amount of the items of indebtedness which went into the settlement. The items were computed and paid at an excess of $1,391.24 over their true amount. It appears from the evidence that a partial settlement did take place in February, 1873, at which it was ascertained and declared that $7,000 were due on account of the three real estate notes mentioned in the petition with interest computed up to the 25th day of September, 1872, and that this fact was evidenced by a written memorandum to that effect, which is the same settlement and memorandum intended by the allegations of the answer. This memorandum or agreement also provided that the amount of the notes so declared should bear interest henceforth at the rate of ten instead of six per cent per annum. The mistake in computation occurred in this settlement and memorandum which was in excess of the true amount due on said notes by a sum which in March 1874, amounted to $1,391.24. When this final settlement came off in 1874, Mr. Jones submitted the memorandum after the partial settlement in 1873, which, along

with some undisputed items, he claimed amounted to $9,500 or more, and he received that sum in full payment. This final settlement included and continued the error of the previous settlement.

There was evidence tending to show that at the settlement in 1873, Mr. Jones, who did not produce the notes when they were called for, represented that he had had a calculation made from the notes, and that if there were any mistakes, he would correct them. At the final settlement the notes were not produced by Mr. Jones who made excuses for their non-production, and according to some witnesses, gave assurances that he would correct any errors or mistakes. After the money was paid according to the amount declared at the final settlement, the notes were transmitted to plaintiffs by mail, who then for the first time discovered that they had been computed and paid at an excess of $1,391.24 over their true amount.

After the evidence was closed, the court, against the objection of defendant, permitted the plaintiffs to amend their petition so as to set out the partial settlement of 1873 along with the facts of mistake and fraud going to avoid it. The issues were then found in favor of plaintiffs and a decree entered in their favor, which also included a judgment of recovery of the amount of the excess paid by plaintiffs along with interest.

A statement of the facts of this case is a decision of it. Mr. Jones either knew that his calculation of the amount due on the real estate notes was incorrect, or he did not know it. If he knew it was incorrect, then he was guilty of an actual fraud in stating and writing out on the memorandum of settlement the false amount and concealing the true amount. In this view of the case the plaintiffs are entitled to relief on the ground of fraud. If he did not know it to be incorrect, then he was mistaken in the calculation submitted by him, and the plaintiffs' right to relief on the ground of mistake is complete. I may add here that the written settlement of 1873, which declares that

$7,000 were due on account of the real estate notes, militates somewhat against the theory of defendant's answer, wherein it is alleged that the $7,000 represented the notes, and hay and plank, gates, doors and services as attorney.

There was no error in allowing the plaintiffs to amend their petition so as to impeach the settlement of 1873. That was a constituent part of the settlement of 1874, which culminated in the over-payment about which the suit was brought. No surprise could be pretended on the part of defendant for the reason that he invokes the advantages of the partial settlement of 1873 in his answer.

It is claimed by defendant that the court in its decree included a rebate of $100 on account of a deficiency in the number of acres supposed to have been purchased. I do not find that this rebate was included in the judgment, and the defendant has not pointed out the evidence of it in the record if it is there.

The judgment is affirmed.    All concur